IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER O'NEAL McNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 26-00514-KD-MU |
| | ) | |
| JUDGE JEFFERY TODD STEARNS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Christopher McNeal ("McNeal" or "Plaintiff"), who is currently housed at the Escambia County Jail, filed a complaint, without the assistance of an attorney (*pro se*), seeking relief under 42 U.S.C. § 1983. (Doc. 1). Review of Plaintiff's complaint reflects that it is not on the form required by this Court for prisoner actions under § 1983. Also, at the time Plaintiff filed his complaint, he did not pay the statutory filing fee of $405, nor did he file a motion to proceed without the prepayment of fees.

Accordingly, Plaintiff is **ORDERED** to re-file his complaint on the form required by this Court by **December 3, 2026**.

It is unclear from Plaintiff's initial filing whether he is attempting to assert a § 1983 civil rights action (as he titled this filing) or whether he instead wants to bring a habeas action. These are the two primary avenues under which an inmate may seek federal relief. Claims challenging the lawfulness of an inmate's confinement or the particulars affecting its duration fall solely within the province of habeas corpus. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). On the other hand, when an inmate challenges the circumstances or conditions of his confinement but not the fact or duration of his confinement, the claim is properly raised in a civil rights action under §

1983. *Id*. at 754. The federal habeas statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Id.* For this reason, the Court will explain the difference in the actions and how Plaintiff should proceed:

**A. Requirements for a § 2241 or § 2254 Habeas Action.**

In a habeas petition, a person is challenging the constitutionality of the fact or duration of his confinement. *See Preiser v.* Rodriguez, 411 U.S. 475, 500 (1973). Damages are not available in a habeas action. *Id.* at 494. The sole remedy available in a habeas action is "immediate release or a speedier release from . . . imprisonment." *Id.* at 500. Thus, to the extent Plaintiff is seeking his release from custody, habeas corpus is his exclusive remedy. *See id.; Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (per curiam). If Plaintiff is imprisoned under a current conviction of a revocation violation, he should proceed with a habeas petition under 28 U.S.C. § 2254. If he is awaiting trial and being held as a pretrial detainee, he must seek federal habeas corpus relief through 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered." *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam). A habeas petition must name the state officer who has custody of the habeas petitioner as the respondent, and the state officer who has custody of the petitioner is the person who will respond to the petition. *See* Rules Governing § 2254 Cases, R. 2(a).

For a habeas petition to be properly before this Court, the petitioner must have exhausted his state court remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.,* 410 U.S. 484, 489-92 (1973). "State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently

available and adequate procedure.” *Manuel v. Alabama*, 2012 WL 5378220, at *1 (M.D. Ala. Oct. 1, 2012), *report and recommendation adopted*, 2012 WL 5349983 (M.D. Ala. Oct. 30, 2012). Typically, to exhaust his state court remedies, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O’Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

The filing fee for a habeas petition is $5. *See* 28 U.S.C. § 1914(a). Instead of paying the $5 filing fee, a habeas petitioner may complete and file this Court’s form for a motion to proceed without prepayment of fees. An inmate’s motion to proceed without repayment of fees must include a certificate completed and signed by an authorized jail official and must be accompanied by an inmate account statement showing all transactions in the inmate’s account for the six months immediately preceding the date of the filing of the habeas petition.

**B. Requirements for a § 1983 Action.**

An action under § 1983 “requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.” *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see* 42 U.S.C. § 1983. A plaintiff must show a causal connection between each defendant’s actions, orders, customs, or policies and a deprivation of the plaintiff’s constitutional or federal rights to state a § 1983 claim. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982). In a § 1983 action, damages are available, in addition to injunctive and declaratory relief, which must be clearly described in detail. Thus, to the extent Plaintiff seeks to challenge

the conditions of his confinement but does not challenge the legality of his custody or seek his release from custody, his claims are properly raised under § 1983.

For a § 1983 action, the Court requires a filing fee of $405 (comprised of a $350 filing fee and a $55 administrative fee) or a motion to proceed without prepayment of fees that is on this Court's required form. If the Court grants the motion to proceed without prepayment of fees, a prisoner plaintiff may be required to pay an initial partial filing fee, but he will be required to pay the entire $350 filing fee (but not the $55 administrative fee) over time through deductions from his inmate account. *See* 28 U.S.C. §§ 1914(a), 1915(a)-(b).

**C. Plaintiff's Selection.**

As noted previously, a habeas action and an action under § 1983 are mutually exclusive. In other words, Plaintiff cannot seek both habeas relief and § 1983 relief in the same action. Thus, Plaintiff must choose the type of action he wishes to pursue in this case. It appears based on Plaintiff's claims of due process violations during his "revocation hearings" and "the imposition of an illegal sentence" that he may be attempting to state that he has been wrongfully imprisoned. (Doc. 1 at 1). This is bolstered by his request that the court "amend Plaintiff's criminal record to reflect the dissolution of criminal charges to include the underlying charge associated with the alleged illegal revocation hearing." (Doc. 1 at 2).

In a habeas petition, Plaintiff can challenge his incarceration and seek his release after he has exhausted his available state court remedies. Or, in a § 1983 action, generally, Plaintiff can bring claims that are based on his conditions of confinement or things that have happened to him while in jail. To the extent Plaintiff seeks monetary relief for a wrongful conviction, his claims are not cognizable in a §

1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims are to be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (stating that *Heck* applies to any suit 'premised . . . on the invalidity of confinement pursuant to some legal process[.]').

Additionally, a § 1983 complaint or § 2241 habeas petition must be accompanied with the appropriate filing fee or a motion to proceed without prepayment of fees. Accordingly, the Clerk is **DIRECTED** to send to Plaintiff the current forms for a § 1983 action, habeas petitions under §§ 2241 and 2254, and a motion to proceed without prepayment of fees.[1] Plaintiff is **ORDERED** to refile his complaint on the appropriate form and to either pay the full filing fee of $405 or file a motion to proceed without prepayment of fees on or before **December 3, 2026**.

Plaintiff is **cautioned** that failure to comply with this order **December 3, 2026** or to advise the Court of a change in address will result in the dismissal of this action without prejudice for failure to prosecute and to follow the Court's Order.

**DONE** and **ORDERED** the **3rd** day of **November, 2026.**

**/s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**

---

1 If Plaintiff decides to proceed with a habeas petition and a civil action under § 1983, he is required to file two separate cases.

## NOTICE TO PRO SE PRISONER PLAINTIFF

IF Plaintiff is granted leave to proceed without prepayment of fees, he will still be obligated to pay the full filing fee to the Court. The granting of an IFP motion allows a plaintiff to file a complaint without paying the full fee upfront – but a plaintiff is required to pay the entire filing fee, overtime, in installments. *See* 28 U.S.C. § 1915(b). These installment payments will be deducted (automatically taken) from Plaintiff's inmate account each time the account exceeds $10.

Plaintiff's complaint will be reviewed or screened by the Court and will be dismissed, **before** being served on the defendant(s), **if** it is determined to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A. If Plaintiff's complaint is dismissed for any of these reasons, he will still be obligated to pay the remaining amount of the filing fee that is still owed.

IF a plaintiff's complaint is dismissed as frivolous, malicious, or for failure to state a claim, it will count as a "strike" against him. If a prisoner files three meritless suits in federal court, or gets 3-strikes against him, he cannot proceed *in forma pauperis* in any future civil case filed in federal court. That is, the plaintiff will be required to pay the court's full filing fee before he is allowed to file another civil action in federal court. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (A prisoner with three-strikes against him "must pay the full filing fee at the time he initiates suit" unless he meets the sole exception of 28 U.S.C. § 1915(g)).